Davis, J.
It will appear from the record in this case that Benjamin F. Platt, one of the defendants, is the son and only heir at law of Charlotte Spice; that Charlotte Spice died by her own hand on the 15th day of July, 1904; that on March 24, 1905, the defendant, Almira E. Platt, wife of Benjamin F. Platt, made application for the probate of an alleged lost will of Charlotte Spice; and that on May 31, 1905, said lost will was admitted to probate, establishing the contents thereof to the effect that all of the property of the testatrix was devised and bequeathed to Almira E. Platt, with direction that Benjamin F. Platt should receive a kind and liberal support during his natural life. After the death of Charlotte Spice and before the will was admitted to probate, the plaintiff, who was already a judgment creditor of Benjamin F. Platt, caused a levy to be made on the real estate of which Charlotte Spice died seized, as the property of Benjamin F. Platt; and likewise did another judgment creditor of Benjamin F. Platt, The Mt. Clemens Savings Bank. In an action to marshal the liens and sell the real estate so levied upon, the court of common pleas found the priorities and decreed the sale' of the property, and an order of sale was issued to carry the decree into effect. The sheriff had caused the lands to be duly appraised, when he was *49 stopped from further proceedings under the writ by an injunction and the probate of this will. Thereupon the'plaintiff brought this action to set aside the will.
The defendant Almira E. Platt demurred to the petition on several grounds, one of which was that the plaintiff had no legal capacity to sue; and although the circuit court found no error in this respect, she ■ still insists upon it here, as she has a right to do.
In an act defining the jurisdiction of the probate court (51 O. L., 167; 2 S. & C., 1216), it was provided that “when a will is admitted to probate in the probate court, or court of common pleas on appeal, any person interested shall have a right to contest its validity.” In the revision of the statutes of 1880, the language used to express the same privilege is as follows: “Sec. 5858. A person interested in a will or codicil admitted to probate in the probate court, or court of common pleas on appeal, may contest the validity thereof,” and so it remains to the present time. Section 5859, Revised Statutes, provides: “All the devisees, legatees and heirs of thek testator, and other interested persons, including the executor or administrator, must be made parties to the action.” Construing all these enactments together it seems clear to us that the expressions, “any person interested,” “a person interested in a will or codicil” and “other interested persons” are equivalent and may include persons other than- the devisees, legatees, heirs, executors and administrators of the testator. Any person who has such a direct, immediate and legally ascertained pecuniary in *50 terest in the devolution of the testator’s estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is “a person interested.” In this case the plaintiff had obtained a valid lien by levy on the property of the heir, at a time when the testatrix was supposed to have died intestate. There can be no doubt that such lien will prevail if this alleged lost will is set aside and found not to be the last will and testament of Charlotte Spice; and it is equally clear that if the probate of the will shall stand the plaintiff’s lien will be defeated. The conclusion necessarily follows, that the plaintiff is a person interested and therefore has legal capacity to prosecute this action.
But it is objected here, that the plaintiff’s claim is not against the estate of the testatrix, but against the heir, who takes nothing under the will; and that the testatrix had the legal right to leave her property to whom she pleased, even to the extent of intentionally defeating the creditors of her only heir. Let all of this contention be granted; yet, if this paper, the probate of which is contested, is not the last will of the decedent, the plaintiff is interested and must prevail, because the title is then cast upon the heir by operation of law, and subject to the lien which attaches by relation to the time of the levy. Can it, therefore, be said with any show of justice or reason, that when a paper purporting to be a will, and obviously designed with the purpose of defeating creditors of the heir, is offered for probate, a lien creditor can not have his day in court to show *51 that the paper is not a valid last will and testament? We think not.
The jury found that “the paper writing set forth in the petition purporting to be the last will and testament of Charlotte Spice is not the last will and testament of Charlotte Spice”; and at the same time they made answers to certain special interrogatories which had been propounded to them, as follows: “Was the paper writing claimed by defendant to be the last will of Charlotte Spice signed by her?” Answer. “Don’t know.” “Was it signed in her presence by two subscribing witnesses?” Answer. “Don’t know.” The jury was not required to make more specific answers to the interrogatories. The circuit court held that inasmuch as the record from' the probate court was prima facie evidence in favor of the will, these answers did not overcome the presumption that the deceased did sign the paper in the presence of two subscribing witnesses and hence that the answers are irreconcilable with the general verdict. The interrogatories are not as broad as the case. There are other issues in the case besides those involved in these questions, for example, mental capacity, undue influence, fraud, the existence of the will unrevoked at and after the death of the testatrix and its loss, any one of which, if established in favor of the plaintiff’s contention would set aside the probate of the will and justify the verdict. Hence, even if we give to the answers by the jury the utmost possible effect, and assume that they found that the will was properly signed and witnessed, there were still other grounds upon *52 which the jury might have been, and doubtless was, satisfied that this paper was not the last, will and testament of Charlotte Spice. We are warranted in assuming that on at least some of the issues, the general verdict was supported by the weight of the evidence; for that question was presented to the common pleas court on a motion for new trial and to the circuit court on petition in error, and neither court found any error in that respect.
It is urged upon us that there was error in the charg'e to the jury, and especially that the court so worded the charge that the jury might have been misled into the belief that the burden of proof rested upon the contestees as to certain points. We can not so construe the charge. It is explicit not only at one place but in several places, that the order of the probate court admitting the will to probate is prima facie evidence of the due attestation, execution and validity of the will; and that to authorize a verdict that it is not the last will and testament of the deceased, the plaintiff must prove by a preponderance of the evidence either the want of mental capacity to make a will, or that the testatrix was unduly influenced or that the alleged paper writing was not her will. The circuit court appears to have thought that the following sentence in the charge imposed upon the defendants the burden of showing something additional to the record of the probate court, indeed the court is represented as saying that this was clearly error: “If no other or further proof were given in respect to the will or its contents, it being shown that the original *53 will was lost after the death of the testatrix with-' out fault of the defendants as beneficiaries, and at the time of the death of the testatrix it had not been revoked, the defendants would be entitled to your verdict.” That is not the whole sentence nor the whole paragraph in which it is found; and when taken with the context it is neither ambiguous nor erroneous. The words “it being shown,” etc., were manifestly used by the court in the same sense as if it had been said, “since it already appears from the record of the probate court,” etc. Substitute the latter expression for the one actually used and you have an exact paraphrase of that which the court did say. It is an adaptation of the language of the charge in Banning et al. v. Banning et al., 12 Ohio St., 437, 447, 448, and while somewhat clumsy, it is nevertheless not erroneous.
Entertaining the views already expressed in regard to this case, we- have not been able to discover any error in the admission of testimony prejudicial -to the defendants.
The judgment of the circuit court is therefore reversed and .the judgment of the court of common pleas is

Affirmed.

Shauck, C. J., Price, Grew, Summers and Spear, JJ., concur.